Filed 8/21/15  P. v. Weiglein CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DENNIS BERT WEIGLEIN,<br><br>        Defendant and Appellant. | A143494<br><br>(Alameda County<br> Super. Ct. No. C-70781) |

Defendant Dennis Bert Weiglein appeals from an October 22, 2014, order denying his petition for certificates of rehabilitation and pardon for a 1966 felony conviction for forcible rape and a 1995 misdemeanor conviction for molesting a child under the age of 18 years.  (Pen. Code, § 4852.01 et. seq. [1]).  We affirm.

---

[1]      All further unspecified statutory references are to the Penal Code.  Section 4852.01 provides, in pertinent part:  "(c) Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition."  Section 4852.05 states: "The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit good moral character, and shall conform to and obey the laws of the land."  Section 4852.06 states, in pertinent part, "[a]fter the expiration of the minimum period of rehabilitation . . . (and, in the case of persons released upon parole or probation, after the termination of parole or probation), each person who has complied with the requirements of Section 4852.05 may

1

## FACTS

### A.     Background

On July 29, 1966, the San Bernardino County District Attorney filed an amended complaint against defendant, charging him with three felony offenses:  rape by means of force and violence (count one) and kidnapping (count two) based on a July 27, 1966, incident concerning one victim, and rape by means of force and violence (count three) based on a June 27, 1966, incident concerning a different victim.  On August 12, 1966, defendant pled guilty to count one (forcible rape) (§ 261, subd. (3) [now subd. (a)(2)])[2] and the remaining counts were dismissed on the district attorney's motion.  On October 28, 1966, defendant's application for probation was denied and he was sentenced to state prison for the "term prescribed by law" (three years to life).  He was discharged from prison after completing his sentence and released on parole from which he was finally discharged in October 1971.

On December 1, 1994, the Alameda County District Attorney filed a complaint against defendant, charging him with one count of misdemeanor molestation of a child under the age of 18 years (§ 647.6).  On January 11, 1995, defendant pled guilty to the

---

file in the superior court of the county in which he or she then resides a petition for ascertainment and declaration of the fact of his or her rehabilitation and of matters incident thereto, and for a certificate of rehabilitation under this chapter."

[2]     This conviction for forcible rape requires defendant to register for life as a sex offender.  (§ 290, subd. (c); see also Stats. 1947, ch. 1124, § 1, p. 2562 [requiring lifetime sex offender registration for persons convicted of section 261, subdivision (3) [now subdivision (a)(2)].)  The California Sex and Arson Registry (CSAR) website includes the following description of the offense:  "In June, of 1966, Weiglein was 30-years old and was living in the City of San Bernardino when he kidnapped a 16-year old female under the pretense of offering her . . . a job as babysitter (victim).  Weiglein claimed there was a mutual attraction between him and the victim to the point where they were both flirtatious with each other.  Weiglein eventually fondled the victim's breast, skin to skin, and 'thought' about raping her.  San Bernardino police arrested Weiglein for kidnapping and forced rape as result of their investigation.  Weiglein subsequently pled . . . guilty to one count of rape by force even though he claims that he never had sexual intercourse with the victim."

charged offense[3] and was immediately sentenced to a three-year probationary term with a condition that he serve 30 days in county jail. After serving the jail time, defendant was released from custody and successfully completed his probation in January 1998.

## B. Trial Court Proceeding

On March 5, 2014, 78-year-old defendant filed a petition for certificates of rehabilitation and pardon (hereafter "certificate of rehabilitation" [4]) in Alameda County Superior Court, seeking relief relative to the 1966 felony conviction and the 1995 misdemeanor conviction. He submitted a declaration detailing the circumstances of his life since his 1966 conviction, and averred that during the period of his rehabilitation, he met the statutory criteria that he live "an honest and upright life," conduct himself "with sobriety and industry," "exhibit good moral character," and "shall conform to and obey the laws of the land." (§ 4852.05.)

On August 12, 2014, an inspector for the Alameda County District Attorney's Office submitted a report (hereafter inspector's report), dated July 31, 2014. In his report, the inspector described, among other things, the circumstances leading to the

---

[3] This conviction for molestation of a child under the age of 18 years (§ 647.6) also requires defendant to register for life as a sex offender. (§ 290, subd. (c).) The CSAR website includes the following description of the offense: "In December of 1994, [58-year old] Weiglein went over to the house of a longtime friend in the town of Sunol and found his friend's 16-year old daughter (victim) home alone. Weiglein subsequently touched the victim's breast over her clot[h]ing during the visit."

[4] "Although there are various statutory references to a 'certificate of rehabilitation and pardon' ([§]§ 4852.01, subds. (a), (b), (c), 4852.21, subds. (a), (b)), the more commonly used term is 'certificate of rehabilitation' (§ 4852.13, subd. (a) [the court order granting a petition 'shall be known as a certificate of rehabilitation']; see also §§ 4852.03, subds. (a)(4), (b), 4852.06, 4852.13, subds. (b), (c), 4852.14, 4852.16, 4852.17). . . . If granted, the petition is deemed an application for a pardon and forwarded to the Governor (§ 4852.16) with the court's 'recommend[ation] that the Governor grant a full pardon to the petitioner' (§ 4852.13, subd. (a)). In accordance with the judicial preference for the more precise term (see *People v. Ansell* (2001) 25 Cal.4th 868, 871-872 [108 Cal.Rptr.2d 145, 24 P.3d 1174][(*Ansell*)]; *People v. Lockwood* (1998) 66 Cal.App.4th 222, 225 [77 Cal.Rptr.2d 769][(*Lockwood*)]), the object of [defendant's] petition will be called a certificate of rehabilitation." (*People v. Blocker* (2010) 190 Cal.App.4th 438, 440-441, fn. 2 (*Blocker*).)

convictions at issue and another 2008 misdemeanor conviction[5], defendant's employment history and family circumstances, defendant's compliance with section 290 sex offender registration, and interviews with the victim of the molestation offense, defendant's family members, and defendant's "character references." The inspector attached to his report copies of records from various agencies including the Fremont Police Department (reports in 1997, 2003, 2005, of defendant's suspicious behavior relative to minors, none of which resulted in arrests), Consolidated Records Information Management System (CRIMS), and CSAR (showing "annual violations" regarding defendant's section 290 sex offender registration in each of 8 years spanning 1996 through 2013) [6].

The Alameda County District Attorney filed a response to the petition, opposing the grant of a certificate of rehabilitation for either conviction. As to the 1995 misdemeanor conviction, the prosecutor asserted defendant was not eligible for the requested relief because he had not secured a section 1203.4 dismissal of that conviction as required by section 4852.01, subdivision (c). As to the 1966 felony conviction, it was

---

[5] The inspector's report includes the following description of the offense: "On 5/30/2007, Petitioner WEIGLEIN appeared at a sting operation, run by the CSLB [California State Licensing Board], and provided an estimate to perform a cement job. WEIGLEIN had an advertisement in the AT&T Yellow Pages, for 'Denny's Concrete Services.' After supplying the CSLB sting operator with an estimate, he was asked if he had a contractor's license, which he admitted to not possessing. WEIGLEIN was cited for violations of Business and Professions Code Sections 7027.1 (Illegal Advertising) and 7028 (Unlicensed Contractor). On 1/31/2008, Petitioner WEIGLEIN was convicted (Nolo Contendere) of 7027.1 BP, and the 7028 BP violation was dismissed in view of the plea. Petitioner WEIGLEIN received credit for time served, was fined $250, and received a court probation sentence."

[6] The CSAR website of defendant's section 290 registration includes a February 27, 2014 "registration note" by a Fremont police officer that an anonymous church member had reported that defendant had hugged a juvenile female at the church. When questioned about the matter during his annual registration, defendant admitted he hugged the girl, and he said it probably would not be a good idea to do so in the future. The district attorney's inspector spoke with the officer, who reported that the church member also "spoke of" defendant leaving the church after church members confronted him about being outwardly friendly with children in the church, including giving the children hugs and gifts.

4

conceded that defendant met the minimum statutory rehabilitative period to apply for a certificate of rehabilitation. However, the prosecutor argued defendant had failed to show he had truly been rehabilitated since his 1966 felony conviction as the inspector's report demonstrated that defendant had not led an exemplary life since his discharge from parole in 1971. The prosecutor also asserted that the inspector's report contained information demonstrating that defendant continued to be a threat to children, and the court was urged to deny the petition pursuant to section 4852.13, subdivision (b), which states: "No certificate of rehabilitation shall be granted to a person convicted of any offense specified in Section 290 if the court determines that the petitioner presents a continuing threat to minors of committing any of the offenses specified in Section 290."

In reply, defendant submitted a petition to dismiss the 1995 misdemeanor conviction under section 1203.4, and asked the court to consider his belated petition to dismiss, together with his request for a certificate of rehabilitation relative to that conviction. He also challenged certain information in the inspector's report and asked the court to consider certain facts demonstrating his honesty and upright living.

Following a hearing on October 22, 2014, the trial court addressed each conviction separately. First, the court denied, without prejudice, a certificate of rehabilitation relative to the 1995 misdemeanor conviction on the ground that defendant was not eligible for the requested relief because he had not secured a section 1203.4 dismissal of that conviction as required by section 4852.01, subdivision (c). The court advised defendant to refile his petition to dismiss the 1995 misdemeanor conviction under section 1203.4. Second, the court denied the petition for a certificate of rehabilitation relative to the 1966 felony conviction on the ground that defendant was eligible, but not a suitable candidate. The court explained that since defendant's 1966 felony conviction he had not lived an upright, honest life, noting in particular the nature of the 1995 misdemeanor conviction for molesting a child under the age of 18 years (§ 647.6). That later conviction "raise[d] a grave, grave doubt," which "defeat[ed]" defendant's "burden of proof that he [did not] present an actual danger to re-offend."

5

On October 22, 2014, the court filed a minute order denying the petition for certificates of rehabilitation and further ordered that defendant could refile his petition to dismiss the 1995 misdemeanor conviction. Defendant's timely appeal ensued.

**ANALYSIS**

### I.   Applicable Law

Generally, "the certificate of rehabilitation procedure is available to convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained 'period of rehabilitation' in California. (§ 4852.03, subd. (a) [imposing general minimum requirements of five years' residence in this state, plus an additional period typically ranging between two and five years depending upon the conviction]; see §§ 4852.01, subds. (a)-(c), 4852.06.) During the period of rehabilitation, the person must display good moral character, and must behave in an honest, industrious, and law-abiding manner. (§ 4852.05; see § 4852.06.) Several provisions make clear that a person is 'ineligible to . . . petition for a certificate of rehabilitation' (§ 4852.03, subd. (b)), and that no such petition 'shall be filed' (§ 4852.06), unless and until the foregoing requirements are met. (See § 4852.01, subds. (a)-(c) [describing who 'may file' a petition].)" (*Ansell, supra,* 25 Cal.4th at p. 875.)

"Proceedings begin when a qualified person petitions for a certificate of rehabilitation in the superior court in the county in which he lives. (§ 4852.06; see § 4852.07 [requiring notice to the Governor and to the district attorney in the county or counties where the petition is filed and the petitioner was convicted].) . . . [¶] The superior court holds a hearing and considers testimonial and documentary evidence bearing on the petition. (§§ 4852.1, 4852.11.) To this end, the court may compel the production of judicial, correctional, and law enforcement records concerning the crimes of which petitioner was convicted, his performance in custody and on supervised release, and his conduct during the period of rehabilitation, including all violations of the law known to any peace officer. (*Ibid*.)" (*Ansell, supra*, 25 Cal.4th at p. 875.)

"[I]f after hearing, the court finds that the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil

6

and political rights of citizenship, the court may make an order declaring that the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner.  This order shall be filed with the clerk of the court, and shall be known as a certificate of rehabilitation." (§ 4852.13, subd. (a).)

## II. Trial Court's Denial of Petition for Certificates of Rehabilitation

### A. 1995 Misdemeanor Conviction

As noted, the trial court denied, without prejudice, defendant's petition for a certificate of rehabilitation relative to the 1995 misdemeanor conviction on the ground that defendant was not statutorily eligible to apply for the requested relief.  (§ 4852.01, subd. (c).)  Because defendant does not challenge the court's ineligibility ruling, we do not address his argument that he was otherwise a suitable candidate for the issuance of a certificate of rehabilitation for that conviction.

### B. 1966 Felony Conviction

We review the trial court's denial of the petition for a certificate of rehabilitation relative to the 1966 felony conviction for an abuse of discretion.  (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1519; *Lockwood, supra,* 66 Cal.App.4th at p. 227.)  "The standard test for ascertaining an abuse of that discretion is whether the court's decision exceeded the bounds of reason.  (E.g., *Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1048 [77 Cal.Rptr.3d 226, 183 P.3d 1199]; see *People v. Carmony* (2004) 33 Cal.4th 367, 377 [14 Cal.Rptr.3d 880, 92 P.3d 369] ['decision is so irrational or arbitrary that no reasonable person could agree with it']; *People v. DeSantis* (1992) 2 Cal.4th 1198, 1226 [9 Cal.Rptr.2d 628, 831 P.2d 1210] ['falls outside the bounds of reason']; *People v. Jacobs* (2007) 156 Cal.App.4th 728, 738 [67 Cal.Rptr.3d 615] [' "no reasonable basis for the action" '].)" (*Blocker, supra*, 190 Cal.App.4th at p. 444.)

Defendant argues the trial court "manifestly" abused its discretion because "it serves no useful purpose to deny" a certificate of rehabilitation for a "50-year old" felony conviction.  However, as our Supreme Court explained in *Ansell*, a certificate of rehabilitation is not "*necessarily* available to any convicted felon who claims to meet the

7

minimum statutory requirements and is otherwise eligible to apply." (*Ansell, supra*, 25 Cal.4th at p. 887.) The statutory scheme neither "requires" nor "guarantees issuance of a certification of rehabilitation . . . ." (*Id*. at pp. 887-888.) Thus, to the extent defendant relies on the mere passage of time, such factor, standing alone, does not call into question the trial court's ruling as a matter of law.

Defendant also argues that the trial court's evaluation of the period of his rehabilitation was limited to the "period of five years after he was released from custody." That is not the law. The statutory scheme imposes a general *minimum* eligibility requirement of five years' residence in this state, plus an additional period typically ranging between two and five years depending upon the nature of the conviction before a defendant may petition for a certificate of rehabilitation. (§ 4852.01-4852.03.) However, once a petition is filed, the trial court is required to conduct "a thorough inquiry into the applicant's conduct and character *from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding*. (§§ 4852.[0]1-4852.12.)" (*Ansell, supra*, 25 Cal.4th at p. 887, italics added.) Consequently, the trial court here appropriately considered all of defendant's conduct through the time of the certificate of rehabilitation proceeding, including "the nature" of the 1995 misdemeanor conviction - his molestation of a child under the age of 18 years in December 1994. (Cf. *People v. Zeigler* (2012) 211 Cal.App.4th 638, 666 [even when defendant is released from all penalties and disabilities resulting from a nonviolent drug possession offense of which he is convicted (§ 1201.1), trial court may consider evidence of the underlying conduct that led to the arrest and conviction at a hearing on his petition for a certificate of rehabilitation].)

Lastly, we are not persuaded by defendant's argument that "[a]fter a review of the record, it becomes clear that [he] has met the criteria for a certificate of rehabilitation." "This assertion is unsupported by an appropriate record reference. 'If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed [forfeited]. [Citation.]' (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [85 Cal.Rptr.2d 521]; *People v.*

*Hyatt* (1971) 18 Cal.App.3d 618, 624 [96 Cal.Rptr. 156] [citing former Cal. Rules of Court, rule 15(a), now rule [8.204(a)(1)(C)].)" (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743.) In all events, we see no merit to defendant's argument that the trial court abused its discretion. "The hurdles erected by the Legislature to obtain a certificate of rehabilitation are not intended to be easily surmounted. The trial courts are entrusted with the responsibility, in the exercise of a sound discretion, to ensure that the strict statutory standards for rehabilitation are maintained. ([*Ansell, supra*, 25 Cal.4th at pp. 887-888; *Lockwood, supra*, 66 Cal.App.4th at pp. 226-227].)" (*Blocker, supra*, 190 Cal.App.4th at p. 445, fns. omitted; *id.* at pp. 440, 445 [denial of certification of rehabilitation for convictions of assault and misdemeanor molestation of a minor upheld where trial court found defendant's adamant refusal to admit any criminal culpability was a cloud on his claimed rehabilitation].) Here, the trial court ruled that despite the passage of time since the 1966 felony conviction defendant had not consistently lived an honest and upright life. The court also expressed a genuine concern that defendant had failed to demonstrate that he did not present an actual danger to re-offend given the nature of the 1995 misdemeanor conviction. In the absence of a showing of an abuse of discretion by the trial court, we must uphold its denial of a certificate of rehabilitation relative to the 1966 felony conviction.[7]

## DISPOSITION

The order of October 22, 2014, is affirmed.

---

[7]    We see no evidence in the record supporting defendant's contention that the trial court denied his request for a certificate of rehabilitation relative to the 1966 felony conviction based on section 4852.01, subdivision (d). Section 4852.01, subdivision (d), prohibits the use of the certification of rehabilitation procedure by "persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, Section 288.7, or subdivision (j) of Section 289, or persons in military service." Defendant does not appear to be disqualified from seeking a certificate of rehabilitation relative to the 1966 felony conviction based on section 4852.01, subdivision (d).

_____
Jenkins, J.

We concur:


_____
Pollak, Acting P. J.


_____
Siggins, J.