[No. A079845. First Dist., Div. Two. Aug. 21, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ASHLEY CHAD LOCKWOOD, Defendant and Appellant.

**COUNSEL**

Peter Eric Goldbeck, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine Rivlin and Christina Kuo, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HAERLE, Acting P. J.—**

### I. INTRODUCTION

Ashley Chad Lockwood (appellant) appeals from an order denying his application for a certificate of rehabilitation pursuant to Penal Code section 4852.01.[1] We find that the court did not abuse its discretion in denying appellant's application, but the application was improperly denied with prejudice. Accordingly, we affirm, but remand with instructions to correct the order to deny the application *without* prejudice.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of his first felony, vehicle theft (Veh. Code, § 10851), in February 1978. In March 1982, after appellant successfully completed probation, the conviction was dismissed. (§ 1203.4.) On March 30, 1984, the court granted appellant's petition for a certificate of rehabilitation and pardon. (§ 4852.01 et seq.)

In June and July 1990, appellant was convicted of grand theft (§ 487, former subd. 1) and carrying a loaded firearm (§ 12025, subd. (a)). After appellant again successfully completed probation, these convictions were dismissed in July 1993. (§ 1203.4.)

On November 5, 1996, appellant filed a petition for a second certificate of rehabilitation with the Sonoma County Superior Court. (§ 4852.01 et seq.) On June 24, 1997, the court conducted a hearing on the petition. The court had before it six responses to a form questionnaire sent out by the district attorney's office. The responses came from three "friends," his girlfriend, a friend and coworker, and a neighbor. They were attached to a page and a half "Report of Investigation by District Attorney's Office" signed by its chief criminal investigator. The responses from everyone except the neighbor, who happened to be an investigator for the district attorney's office, were favorable to appellant's character and trustworthiness. The investigator-neighbor, on the other hand, wrote that, based upon a few brief interactions with appellant, he could not recommend appellant because of his "convictions" and "mutual acquaintances in the business world of less than trustworthy actions" and his "less than reputable" associates. The court denied appellant's petition, commenting that it had great respect for the investigator and could not ignore the strength of his comments because he

---

[1] All statutory references hereinafter are to the Penal Code, unless otherwise indicated.

was in law enforcement and appellant's friends could only say he was a "nice man."[2] Later in court that same day, appellant apparently angered the trial court by speaking out of turn. The court then denied the petition with prejudice.

On August 21, 1997, appellant filed a timely notice of appeal.

### III. DISCUSSION

#### A. Standard of Review

■ This is a case of first impression. Our independent research has revealed no case that articulates the proper standard of review. However, it appears from the language, history, and statutory scheme of section 4852.01 et seq. that review of a grant or denial of a certificate of rehabilitation is confined to an abuse of discretion standard.[3]

Section 4852.01 was originally enacted in 1943 (Stats. 1943, ch. 400, § 1, p. 1922) and subsequently amended numerous times. There were three significant changes in the 1996 amendments that are pertinent to our discussion of appellate review. These changes mandated denial of a certificate to a person who has been convicted of one or more sex offenses involving a minor, extended the rehabilitation period from three to five years, and provided the court with discretion to grant a rehabilitation certificate if it finds that the petitioner has been rehabilitated and also to rescind such a certificate if the grantee has not maintained a specified standard of conduct. (See Legis. Counsel's Dig., Assem. Bill No. 2017 (1995-1996 Reg. Sess.).) These changes reflected the Legislature's obvious intent to apply stricter standards to the application process, and to make it more difficult for ex-felons to receive and maintain certificates of rehabilitation.

---

[2]The court specifically stated: "I'll be very candid, You know that Mr. Meese is a District Attorney Investigator, and I have great respect for Mr. Meese as do the other judges. And that's very important. And when he says something like that - it's not like he's a tree trimmer that has absolutely no knowledge about what goes on in the real world of law enforcement and crime. And when he makes statements like he made, I take that at face value. That's what he does for a living.

"To be very candid, the artist can tell me what a nice man Mr. Lockwood is on that level, the grocery clerk can tell me what a nice man he is on that level. But when I have a law enforcement, not just someone in law enforcement, a D.A. Investigator, who they are picked from the different departments because of their skills, makes a comment that strong, for me to have ignored it, I think would be questionable on my use of my authority. So that's the reasons, the thoughts, and it's denied."

[3]Indeed, appellant and respondent agree this is the correct standard of review.

The changes also reflected the Legislature's desire to provide the trial courts with the "express discretion" to grant or deny petitions for rehabilitation certificates. (Sen. Com. on Crim. Proc., Analysis of Assem. Bill No. 2017 (1995-1996 Reg. Sess.) June 25, 1996; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2017 (1995-1996 Reg. Sess.) Apr. 16, 1996.) This intent is manifest in the changes the Legislature made to section 4852.13. Prior to its effective date of July 8, 1996, section 4852.13 stated in relevant part: "If, after hearing, the court finds that the petitioner has demonstrated by his course of conduct his rehabilitation and his fitness to exercise all of the civil and political rights of citizenship, the court *shall* make an order declaring that the petitioner has been rehabilitated . . . ." (Stats. 1978, ch. 380, § 126, p. 1189, italics added.) The word "shall" was changed to "may" by the 1996 amendments.[4] (Stats. 1996, ch. 981, § 6.)

In general, of course, the word "may" connotes a permissive standard as compared with the mandatory nature of the word "shall." (See, e.g., *In re Richard E.* (1978) 21 Cal.3d 349, 354 [146 Cal.Rptr. 604, 579 P.2d 495]; 1A Sutherland, Statutory Construction (5th ed. 1993) §§ 25.03-25.04, pp. 449-454.) Further, even before the 1996 amendment, the statute had been interpreted as vesting discretion in the trial court. (See *Sovereign* v. *People* (1983) 144 Cal.App.3d 143, 152 [192 Cal.Rptr. 469].) Finally, the 1996 legislative history cited above manifests the Legislature's intention to, among other things, make clear that trial courts had discretion on this issue.

We cannot and will not disturb the lower court's decision on appeal absent a clear abuse of that discretion. And we cannot find that the lower court abused its discretion unless such an abuse is "manifest" and results in a "miscarriage of justice." (See, e.g., *People* v. *Nicolaus* (1991) 54 Cal.3d 551, 578 [286 Cal.Rptr. 628, 817 P.2d 893].)

B. *The Trial Court Did Not Abuse Its Discretion in Denying Appellant's Application for a Certificate of Rehabilitation*

■ Appellant argues that the court abused its discretion per se because there was *no* evidence in the record to support the court's denial of the petition. This argument is simply untenable in light of the negative recommendation from a district attorney's investigator that was before the court. Because there was clearly *some* evidence present in the record, this argument merits no further discussion.

In the alternative, appellant argues that, even if there was some evidence, the court gave too much weight to the investigator-neighbor's negative

---

[4] Other changes to this section included additional female gender references.

comments without conducting a sufficient probe into the source of the allegations or allowing appellant to correct any misstatements. This argument is also without merit.

In general, in order to successfully petition a court for a rehabilitation certificate, a person shall, during a period of five years after he is released from custody, "live an honest and upright life, shall conduct himself . . . with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.) Section 4852.13, as discussed above, gives courts the express discretion to decide whether a petitioner has demonstrated to its satisfaction, his "course of conduct[,] his . . . rehabilitation and his . . . fitness to exercise all of the civil and political rights of citizenship." (§ 4852.13.) In addition, a court may, but is not mandated to, require "testimony as it deems necessary" and an investigative report from the district attorney of the petitioner and his residence, in addition to any documentary evidence a petitioner presents. (§§ 4852.1 and 4852.12.)

Here, the court was presented with an investigative report which included questionnaire responses from a number of appellant's friends, a coworker, and a neighbor who happened to be a district attorney investigator. The responses from his five friends and coworker, while positive, were pro forma and cursory and included no "customized" comments regarding appellant. The investigator-neighbor, in contrast, responded to the same form questionnaire by both grading appellant as "poor" for "trustworthiness" and, more importantly, adding a handwritten notation to the effect that he could not recommend appellant's application due to his belief that appellant was not to be trusted and had "less than reputable" associates.

At the hearing on his petition for a certificate of rehabilitation, appellant supplied additional information to the court about his employment history and his friends' professional backgrounds, and attempted to mitigate the investigator's negative remarks. No additional testimony was provided or requested at the hearing.[5]

The court found the investigator's comments worthy of taking at "face value" and gave great weight to them. The court explained that, because the investigator was skilled in the area of law enforcement, a comment that

---

[5]Sometime after appellant's petition was denied, appellant addressed the court directly and asked if there was any way that the investigator could "elaborate what he meant." It was at this point that the court admonished appellant for speaking without representation, and denied the petition with prejudice.

strong was too important to be ignored. By way of contrast, the court also noted that, at most, appellant's friends were only able to say that he was a "nice man."

Appellant's argument that the court relied on "inconsequential and unsupported statements" is not supported by the record. The record demonstrates that the court relied on the evidence it deemed most credible. Moreover, and contrary to appellant's contention, the statute does not require the court to conduct a further inquiry or verify these statements because it was satisfied with the evidence already presented. (§§ 4852.1 and 4852.12.) Finally, and although not articulated by the court, it could well have had in mind that this was appellant's "second time around" on the certificate of rehabilitation route. Based upon this record, we find that the court did not abuse its discretion in denying appellant's petition.

### C. The Trial Court Improperly Denied Appellant's Application With Prejudice

 Appellant contends that the court impermissibly denied his petition with prejudice. The record indicates that the court initially denied appellant's petition without prejudice, and then changed its order after appellant, while represented by counsel, spoke directly to the court during further proceedings on the matter.

It should first be noted that section 4852.01 et seq. does not provide for a petition to be denied *with prejudice*. Nor does there appear to be any other statute that specifically authorizes a court to deny this type of petition with prejudice. However, we are guided by those cases discussing the general inherent power of courts to dismiss a claim and the limitations placed upon them when dismissing a claim with prejudice. (*Lyons* v. *Wickhorst* (1986) 42 Cal.3d 911, 915-917 [231 Cal.Rptr. 738, 727 P.2d 1019] (*Lyons*); see also Code Civ. Proc., § 581 et seq. [governing judgment of dismissals generally] and 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 252, pp. 670-671.)

 "In the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent, discretionary power to dismiss claims with prejudice." (*Lyons, supra,* 42 Cal.3d at p. 915.) However, this inherent power to dismiss with prejudice is circumscribed. (*Ibid.*) In order to determine whether a plaintiff's actions warrant a dismissal of a claim with prejudice, a court must first "discern whether the plaintiff's pattern of conduct was so 'severe [and] deliberate' as to constitute extreme

circumstances." (*Lyons, supra,* 42 Cal.3d at p. 917, quoting *Wrenn* v. *American Cast Iron Pipe Co.* (5th Cir. 1978) 575 F.2d 544, 547.) Second, a court must "look to see whether alternatives less severe than dismissal are available." (*Lyons, supra,* 42 Cal.3d at p. 917.) "The ' "sound exercise of discretion requires the judge to consider and use lesser sanctions" ' unless the court's authority cannot possibly be otherwise vindicated." (*Ibid.,* quoting *Schenck* v. *Bear, Stearns & Co., Inc.* (2d Cir. 1978) 583 F.2d 58, 60.)

There is an even greater impetus for courts not to bar applicants for a certificate of rehabilitation from ever being able to petition in the future. Even if a petition is denied, a petitioner is not barred from filing a new claim in the event of "changed circumstances." In contrast, when a court denies a petition for a certificate of rehabilitation with prejudice, it has the much more drastic effect of barring an applicant from ever petitioning the court again, regardless of the applicant's future progress toward rehabilitation.

The overall goal of the statute to restore civil and political rights of citizenship to ex-felons who have proved their rehabilitation. (See *People* v. *Jones* (1985) 176 Cal.App.3d 120, 129-130 [221 Cal.Rptr. 382], and § 4852.17.)[6] In light of this goal, a court should not deny this type of petition *with* prejudice. By definition, rehabilitation may well take years to achieve. The statute permits those who have been stripped of many of their civil and political rights to seek to have those rights restored. Those who so endeavor should be encouraged; denying a petition for a certificate of rehabilitation with prejudice works in the opposite direction.

Here, appellant merely spoke out in court while he was represented by his attorney, a deputy public defender. This may have been an annoyance to the court and, at most, bordered on contempt of court. However, it clearly did not rise to the level of "severe" and "deliberate" conduct of "extreme circumstances" as is required to dismiss claims with prejudice. Nor did his behavior warrant forever prohibiting him from seeking a certificate of rehabilitation. Thus, although the court did not abuse its discretion in denying appellant's petition for rehabilitation, the denial *with prejudice* was not warranted.

---

[6]Section 4852.17 states in relevant part: "[T]he pardon shall entitle the person to exercise thereafter all civil and political rights of citizenship, including but not limited to: (1) the right to vote; (2) the right to own, possess, and keep any type of firearm that may lawfully be owned and possessed by other citizens; except that this right shall not be restored, and Sections 12001 and 12021 shall apply, if the person was ever convicted of a felony involving the use of a dangerous weapon."

## IV. DISPOSITION

The order denying the certificate of rehabilitation is affirmed, but the cause is remanded to the trial court with directions to amend so much of the order as states it is "with prejudice" to read "without prejudice."

Lambden, J., and Ruvolo, J., concurred.