Filed 9/12/16  P. v. Ram CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PRAVEEN RAM,<br><br>        Defendant and Appellant. | A143509<br><br>(Alameda County<br>Super. Ct. No. 173219) |

**BY THE COURT**:

It is ordered that the opinion filed herein on August 31, 2016, be modified as follows:

In the last paragraph on page 2, in the second sentence beginning with "On October 22, 2014," the word "without" should be deleted and replaced with the word "with".

This modification does not change the judgment.

Dated:_____                      _____

                                                                        Kline, P.J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PRAVEEN RAM,<br><br>        Defendant and Appellant. | A143509<br><br>(Alameda County<br>Super. Ct. No. 173219) |

Defendant Praveen Ram appeals from the trial court's order denying his petition for certificate of rehabilitation and pardon pursuant to Penal Code section 4852.01.[1]  The Attorney General concedes the trial court erred in finding Ram statutorily ineligible for the relief sought.  We accept the Attorney General's concession.  We reverse the denial order and remand the matter to the trial court to determine whether to grant Ram's petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Sacramento Criminal Case*

In 2000, the Sacramento County District Attorney filed a second amended information charging Ram with two counts of sexual battery with restraint (counts 1 and 3, § 243.4, subd. (a)); two counts of rape (counts 2 and 5, § 261, subd. (a)(2)); two counts of sexual penetration (counts 4 and 7, § 289, subd. (a)); one count of sodomy (count 6,

---

[1] Further statutory references are to the Penal Code.

1

§ 286, subd. (c)(2)); and one count of assault with intent to commit oral copulation (count 8, § 220).[2]

In March 2001, a jury found Ram guilty of counts 3, 5, and 6 (sexual battery, rape, and sodomy, respectively), and not guilty of the remaining charges. Ram filed a motion for a new trial. In December 2001, the parties reached a negotiated disposition under which the prosecutor stipulated to a new trial as to counts 5 and 6 (rape and sodomy, respectively), and Ram agreed to withdraw his motion for new trial as to count 3 (sexual battery) and waive his right to appeal. The trial court approved the parties' agreement, and granted the motion for new trial as to counts 5 and 6. As to count 3, imposition of sentence was suspended, and Ram was placed on formal probation for five years.

In March 2009, the trial court granted Ram's motion to set aside the guilty verdict and dismiss the accusatory pleading pursuant to section 1203.4. The order incorrectly states that Ram was granted five years probation upon conviction of sections 243.4, subdivision (a), 261, subdivision (a)(2), and 286, subdivision (c)(2). In fact, Ram had no conviction for the latter two offenses because the trial court ordered a new trial for counts 5 and 6. (§ 1180 ["The granting of a new trial places the parties in the same position as if no trial had been had."].)

*Current Petition*

On January 28, 2014, Ram filed a petition for certificate for rehabilitation pursuant to section 4852.01 in the Alameda County Superior Court. On October 22, 2014, the trial court denied the petition without prejudice on the ground Ram was "not eligible to seek this relief under the statute." The trial court stated that a certificate of rehabilitation under section 4852.01 was unavailable to a person who has been convicted of violation of

---

[2] As Ram notes, counts 5 through 8 are incorrectly numbered in the second amended information because count 5 is incomplete and there are two offenses listed under count 8. The count denominated "COUNT SIX" is actually count 5, "COUNT SEVEN" is count 6, and the first offense under "COUNT EIGHT" is count 7 and the second is count 8.

2

section 286, subdivision (c), "which was one of the guilty verdicts rendered by the jury in [the] Sacramento matter."

On November 3, 2014, Ram filed a notice of appeal.

## DISCUSSION

We review a decision whether to grant or deny a certificate of rehabilitation for an abuse of discretion. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 226.) "A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence." (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998.)

Under section 4852.01, "[a]ny person convicted of a felony . . . , the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition." (Former § 4852.01, subd. (c), as amended by Stats.1997, ch. 61, § 2.) However, relief under section 4852.01 "shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service." (*Id.*, subd. (d).)

The trial court denied Ram's petition solely on the ground he was ineligible for relief because he had been convicted of an offense under section 286, subdivision (c). But Ram has no conviction under that statute. His only conviction in the Sacramento criminal case was for violation of section 243.4. This conviction does not render him ineligible for relief under section 4852.01. Accordingly, we reverse the trial court's order denying Ram's petition based on statutory ineligibility, and remand to allow the trial court to consider the petition on the merits.

3

**DISPOSITION**

The order denying Ram's petition for certificate of rehabilitation and pardon is reversed. The matter is remanded for the trial court to further consider whether Ram has met the standards for a certificate of rehabilitation and pardon.

$\underline{\hspace{5cm}}$
Miller, J.

We concur:


$\underline{\hspace{5cm}}$
Kline, P.J.


$\underline{\hspace{5cm}}$
Richman, J.


A143509, *People v. Ram*


5