Filed 8/28/20  P. v. Wolsey CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>THOMAS DEVERE WOLSEY,<br><br>      Defendant and Appellant. | D075760<br><br><br>(Super. Ct. No. SRD1807) |


APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Reversed with directions.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

In late February 2018, defendant Thomas Devere Wolsey filed a petition for certificate of rehabilitation and pardon (petition) pursuant to Penal Code[1] section 4852.01 et seq. seeking relief from his duty to register

_____

1      All further statutory references are to the Penal Code unless otherwise noted.

under section 290. The registration requirement stemmed from defendant's December 2006 plea to one count of misdemeanor sexual battery (§ 243.4, subd. (e)), after he was charged in 2004 with 15 counts of misdemeanor possession of child pornography (§ 311.11, subd. (a)). In March 2011, defendant's conviction was dismissed pursuant to section 1203.4.

Defendant's petition was heard on April 5, 2019. Although defense counsel attended the hearing, defendant—with the court's permission—did not. The court asked defense counsel a series of factual questions that defendant ostensibly could have answered, then ruled to deny defendant's petition, finding he failed to establish by a preponderance of the evidence that pre-petition he had continuously resided in the state for 10 years. (§§ 4852.01, subd. (b), 4852.03, subds. (a)(1), (2) & 4852.06.)

In making this finding, the record shows the court substantially relied on an investigative report prepared by the People showing that defendant in 2016 and 2017 had registered businesses outside California; that in October 2017 he had registered a vehicle in Utah in connection with one of those businesses; and that he recently had moved from Temecula, California, to Cardiff by the Sea, California (Cardiff), after selling his Temecula home.

Defendant appealed.

While this appeal was pending, defendant filed a petition for writ of mandate (D077355) (writ petition), seeking to compel the trial court to set aside its order denying his petition, and hold a new hearing to allow him the opportunity—with effective counsel—to establish the residency requirement; or alternatively, requesting this court issue an order to show cause directing the trial court to hold an evidentiary hearing on the claims raised in his writ petition. In addition to a request for judicial notice of the record in this appeal (see Evid. Code, §§ 452, subd. (d)(1), 453 & 459, subd. (a)), defendant

2

lodged a series of exhibits in support of his writ petition that he claimed were material to the residency requirement issue, including utility bills and related documents showing he resided in the Cardiff home after moving from Temecula, which exhibits should have been submitted for the court's consideration at the petition hearing.

As we explain, we conclude the court abused its discretion in finding defendant's registration of two out-of-state businesses and a vehicle showed he was not continuously residing in the state for 10 years pre-petition. We further conclude the court's finding defendant was not residing in the Cardiff home, after selling his Temecula house, is not supported by substantial evidence.

Because the writ petition makes clear there was additional evidence available to the trial court in connection with the residency issue, which is essentially a procedural condition; and because the trial court, as opposed to this court, is uniquely qualified to take evidence and make factual determinations as the trier of fact; we conclude the cause should be remanded for the trial court to consider anew—based on all available evidence, including the exhibits defendant lodged in support of the writ petition— whether he satisfied the 10-year statutory residency requirement.[2] Reversed.

---

[2]    As such, as provided in a separate order issued in conjunction with this opinion, we dismiss as moot defendant's writ petition. In addition, we express no opinion whether defendant on remand can satisfy the residency requirement, and, if so, any of the other additional statutory conditions to support his claim for relief.

BACKGROUND

We briefly summarize the facts leading up to defendant's December 2006 guilty plea. A November 2004 incident report filed by a detective of the Riverside County Sheriff's Department noted a warrant issued in late October 2004 for a search of defendant's home in Temecula for "computers and related items, which could contain images of child pornography downloaded from the Internet." During the search, several items were located leading officers to conclude defendant then was teaching at a middle school, a conclusion confirmed by the school. During the search, officers found several expandable file folders in an office closet, which included a membership confirmation for a website called "'Boycock.com.'"

A forensic examination of a computer located in defendant's home revealed about 551 images of male children, about 450 being consistent with "child erotica." There were many images of boys between six to 12 years of age engaging "in acts of sex or simulated sexual activity"; a series of about 55 images of two boys "ages 14 to 16 engaged in oral sex and sodomy with each other"; multiple imagines of children ages six months to three years old in bathtubs; and multiple images of nude boys between six and eight years old "in various bondage positions."

As noted, defendant pleaded guilty to one count of misdemeanor sexual battery and agreed to register as a sex offender in exchange for the dismissal of all other counts. Defendant was sentenced in late December 2006 to 30 days of local custody and 48 months of summary probation. Defendant completed his 30 days in custody on January 31, 2007.

On February 28, 2018[3] defendant filed his petition, seeking relief from his obligation to register under section 290. On August 3, 2018, the court at an unreported hearing ordered defendant to complete and submit a "Personal History Questionnaire" (hereinafter, questionnaire) to the district attorney's office, noting if defendant objected to any questions in the questionnaire he could "skip" them and the matter would be addressed at a subsequent hearing.

At an unreported October 5, 2018 ex-parte hearing, the court noted it had received defendant's August 27, 2018 letter and based thereon, appointed the public defender's office to represent defendant in his petition. (See § 4852.08.[4]) The court set the hearing on the petition for January 4, 2019.

On January 4, 2019, at defendant's request the court continued the petition hearing to March 15, 2019. Defendant was present at the hearing and represented by counsel. The January 4 minute order provides that if defendant "is out of the county counsel may appear on his behalf." The petition hearing was further continued to April 5 to allow the district

---

[3] The parties agree defendant filed his petition on February 28, and not on December 28, 2018, which is the date stamped on the petition.

[4] This statute provides in part: "During the proceedings upon the petition, the petitioner may be represented by counsel of his or her own selection. If the petitioner does not have counsel, he or she shall be represented by the public defender . . . ."

5

attorney's office to complete an updated court-ordered investigative report. (See § 4852.12.[5])

As noted, defendant appeared through defense counsel at the April 5 petition hearing. The record shows the court focused almost exclusively on the March 29, 2019 investigative report prepared by the district attorney's office (hereinafter, report). The court noted the report raised a "couple of problems" with the residency requirement based on the following: defendant in April 2016 and early October 2017, registered businesses in Colorado and Utah, respectively; in mid-October 2017 he also registered a vehicle in Utah and, as provided in the report, (allegedly) "gave a residence address in Saint George, Utah"; and in August 2018, after he filed the petition, he "moved to New Cairo, Egypt" to teach at a university, declaring that the move was a "secondary residence," but returned to California in December 2018.

---

[5] This statute provides: "(a) In a proceeding for the ascertainment and declaration of the fact of rehabilitation under this chapter, the court, upon the filing of the application for petition of rehabilitation, may request from the district attorney an investigation of the residence of the petitioner, the criminal record of the petitioner as shown by the records of the Department of Justice, any representation made to the court by the applicant, the conduct of the petitioner during the period of rehabilitation, including all matters mentioned in Section 4852.11, and any other information the court deems necessary in making its determination. The district attorney shall, upon request of the court, provide the court with a full and complete report of the investigations. [¶] (b) In any proceeding for the ascertainment and declaration of the fact of rehabilitation under this chapter of a person convicted of a crime the accusatory pleading of which has been dismissed pursuant to Section 1203.4, the district attorney, upon request of the court, shall deliver to the court the criminal record of petitioner as shown by the records of the Department of Justice. The district attorney may investigate any representation made to the court by petitioner and may file with the court a report of the investigation including all matters known to the district attorney relating to the conduct of the petitioner, the place and duration of residence of the petitioner during the period of rehabilitation, and all known violations of law committed by the petitioner."

Defense counsel argued that merely because defendant had registered businesses and a vehicle in another state did not mean defendant was not continuously residing in California, and that such businesses, in any event, "had failed." Regarding the vehicle registration in Utah, defense counsel noted that the same vehicle had been parked at defendant's home in Cardiff, which the court confirmed in recognizing the vehicle had been seen by investigators at that location for an "extended period of time"; that the Utah vehicle registration form listed defendant's Cardiff address as the "mailing address"; and that there was no evidence defendant resided in Utah, including at the address associated with the registered vehicle, or received mail or paid utilities at that address.

The court found defense counsel's explanation regarding the Utah vehicle registration unpersuasive. The court also found defendant's "ties and connections" to the Cardiff residence "slim." As such, the court denied defendant's petition, finding he had failed to satisfy by a "preponderance of the evidence" the statutory residency requirement.[6]

## DISCUSSION

A. *Statutory Overview of Certificate of Rehabilitation*

Under California law, a person convicted of a crime may request a Governor's pardon through two statutory avenues: (1) a pardon application filed directly with the Governor (§ 4800 et seq.) and (2) a petition for certificate of rehabilitation filed in the superior court (§ 4852.01 et seq.). (*People v. Ansell* (2001) 25 Cal.4th 868, 871, 873–876, 890 (*Ansell*).) The latter petition, if granted, becomes both an automatic application for a full

---

[6] The court also noted, but did not decide, a "secondary issue" regarding defendant's compliance with the section 290 registration requirement, as identified in the report. We thus deem it unnecessary to address in this opinion this "secondary issue."

7

pardon by the Governor and a judicial recommendation of such.  (§ 4852.16; *Ansell*, at pp. 875–876, 891.)  A person convicted of a crime becomes eligible for a certificate of rehabilitation after the successful completion of his or her sentence and the expiration of an additional period of rehabilitation. (§§ 4852.03, subd. (a), 4852.06.)  The person must show he or she is living an "honest and upright life," conducting "himself or herself with sobriety and industry," exhibiting a "good moral character," and conforming to and obeying the "laws of the land."  (§ 4852.05; see *Ansell*, at p. 875.)

After a petition is filed, the trial court may compel the production of documents, direct the district attorney to investigate, and hold an evidentiary hearing.  (§§ 4852.1, 4852.11, 4852.12; *Ansell*, *supra*, 25 Cal.4th at p. 875.) "[I]f after hearing, the court finds that the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil and political rights of citizenship, the court may make an order declaring that the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner." (§ 4852.13, subd. (a).)  Thus, for the petition to be granted, the court must find the petitioner has rehabilitated.  (*Ansell*, at pp. 875–876.)

As relevant here, subdivision (a) of section 4852.03 provides:  "The period of rehabilitation commences upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole, postrelease community supervision, mandatory supervision, or probation, *whichever is sooner*.  For purposes of this chapter, the period of rehabilitation shall constitute five years' residence in this state, plus a period of time determined by the following rules:  [¶] (2) An additional five years in the case of a person convicted of committing an offense or attempted offense for which sex

8

offender registration is required pursuant to Section 290 . . . ." (Italics added.)

Also relevant here is section 4852.06, which provides: "After the expiration of the minimum period of rehabilitation a person who has complied with the requirements of Section 4852.05 may file in the superior court of the county in which he or she then resides or in which he or she was convicted of a felony or of a crime the accusatory pleading of which was dismissed pursuant to Section 1203.4, a petition for ascertainment and declaration of the fact of his or her rehabilitation and of matters incident thereto, and for a certificate of rehabilitation under this chapter. A petition shall not be filed until and unless the petitioner has *continuously resided* in this state, after leaving prison or jail, for a period of not less than five years immediately preceding the date of filing the petition." (Italics added.)

Thus, under the statutory scheme, to satisfy the residency requirement defendant was required to establish pre-petition that he had *continuously* resided in the state for 10 years since he completed his 30-day jail sentence in January 2007. (See §§ 4852.03, subd. (a)(1), (2) & 4852.06.)

B. *Standard of Review*

"Aside from the statutory interpretation questions, a petition for a certificate of rehabilitation is addressed to the trial court's discretion and the exercise of that discretion will be overturned only for manifest abuse that results in a miscarriage of justice. [Citations] 'The standard test for ascertaining an abuse of that discretion is whether the court's decision exceeded the bounds of reason.' [Citation.]" (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 667 (*Zeigler*).) A trial court's factual findings in connection with such an exercise of discretion are reviewed for substantial evidence. (See *People v. Lockwood* (1998) 66 Cal.App.4th 222, 229 (*Lockwood*).)

" ' " ' "[However, t]he discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown." ' " ' " (*Zeigler*, *supra*, 211 Cal.App.4th at p. 667.) A court abuses its discretion "if it applies improper criteria or makes incorrect legal assumptions. [Citation.]" (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497, italics omitted (*Fajota*); accord *In re Charlisse C.* (2008) 45 Cal.4th 145, 159.) Moreover, "[i]f the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise informed discretion with awareness of the full scope of its discretion and applicable law. [Citations.]" (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 26, italics omitted.)

C. *Analysis*

We conclude the court improperly relied on defendant's registration of out-of-state businesses in 2016 and 2017 in finding he did not satisfy the 10-year continuous residency requirement. California, like all other states (including Colorado and Utah, where defendant had registered his two businesses), "has a legitimate interest in attracting out-of-state companies to do business within the state, both to obtain tax and other revenue that such businesses may generate for the state, and to advance the opportunity of state residents to obtain employment and the products and services offered by out-of-state companies." (See *McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68, 91–92.) In our view, defendant's registration of two out-of-state businesses has no bearing on whether he satisfied section 4852.06.

In addition, we conclude the court also improperly relied on defendant's October 16, 2017, out-of-state vehicle registration in finding he did not satisfy

10

section 4852.06. Defendant disclosed on the questionnaire that the legal "owner" of the vehicle, a Ford truck, was "Cardinal West, LLC," his "company"; that defendant on October 6, 2017, had registered Cardinal West, LLC as a business with the Utah Department of Commerce, had listed the address of that business as "3143 S. 840 E.; Saint George, UT 847908659," and had stated the "mailing address" for the vehicle was a post office box located in Cardiff; that an insurance company located in San Diego insured the vehicle, with evidence of coverage attached; and that the print-out attached to the investigator's online business search for Cardinal West, LLC showed "3143 S 840 STE 355[,] Saint George, UT 84790" as the company's "ADDRESS," *not* its "residence" address. (Bold-face type in original).

Moreover, the record shows the court relied on the representation in the report that defendant identified his "residence" as being in Saint George, Utah, when registering the truck, when in fact that address was the business address of Cardinal West, LLC, as noted. The record further shows this misinformation was key to the court's finding on the residency requirement issue. As such, that finding cannot stand. (See *Lockwood, supra*, 66 Cal.App.4th at p. 229 [applying substantial evidence standard].)

In denying his petition, the court also relied on the fact defendant in July 2018 had a "second" address in Cairo, Egypt, where he taught graduate-level courses at the American University of Cairo until about December 2018. The undisputed evidence, however, shows defendant left for Cairo *after* the "expiration of the minimum period of rehabilitation" required by section 4852.06. As a matter of statutory interpretation, we independently conclude the court incorrectly considered defendant's teaching in Cairo in denying his petition. (See *People v. Prunty* (2015) 62 Cal.4th 59, 61 [interpretation of a statute is a question of law requiring de novo review]; see also *People v. Scott*

11

(2014) 58 Cal.4th 1415, 1421 [noting when statutory language is clear and unambiguous, the plain meaning of the statute controls].)

Finally, substantial evidence does not support the court's finding defendant's connection to Cardiff—beginning in June 2017 when he moved to the area after selling his house in Temecula, to February 28, 2018, the date he filed his petition—was "slim." (See *Lockwood*, *supra*, 66 Cal.App.4th at p. 229.) On the questionnaire, defendant identified the Cardiff residence as his "Home Address." He also included the name and address of his landlord, who defendant also listed as a personal reference.

Defendant also disclosed on the questionnaire that he was registered to vote in "San Diego County, Encinitas, CA"; that on July 25, 2017, shortly after moving from Temecula, he went to the San Diego County Sheriff's Department and listed his Cardiff home, which he noted was a single-family residence, as his new section 290 registration address; and that he used the same Cardiff address on March 15, 2018, when he fulfilled his annual registration requirement.

But that's not all. The record shows when investigators' attempted to contact defendant at the Cardiff home in preparation of the report, they noted defendant's Ford truck parked outside; that in January 2018, when an investigator met with defendant at the Cardiff residence, defendant explained his Ford truck had Utah license plates because he owned a business there; and that the investigator then noted defendant also owned a 2018 Ford Fusion, with California license plates, which *also* was parked at the Cardiff residence. On this record, we thus conclude the court's finding that defendant had "slim" "ties" to the Cardiff home is not supported by substantial evidence. (See *Lockwood*, *supra*, 66 Cal.App.4th at p. 229.)

12

As we have noted, we stop short of finding defendant satisfied the 10-year continuous residency requirement in connection with his petition. Instead, we remand the cause to the trial court to reconsider that issue anew.

DISPOSITION

The April 5, 2019 order denying defendant's petition for certificate of rehabilitation is reversed and the matter is remanded for reconsideration consistent with this opinion.

BENKE, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.