Filed 4/3/23 P. v. Jahnke CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061051 |
| v. | (Super. Ct. No. M-19146) |
| RICHARD LOREN JAHNKE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Beatriz M. Gordon, Judge. Reversed. Appellant's request for judicial notice is granted.

Paul Stubb Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

In 1989, defendant pleaded no contest to two counts of committing lewd and lascivious acts with a child under 14 years of age (Pen. Code, § 288, subd. (a)).[1] He was placed on probation for three years and was required under former section 290 to register as a sex offender for life. Following a change in the sex offender registration scheme in 2021, defendant was classified as a second tier offender and required to register for a minimum of 20 years. (§ 290, subd. (d)(2)(A).) After satisfying the minimum 20-year registration requirement, defendant filed a petition to terminate his duty to register as a sex offender based on the new tiered registration scheme. The court denied the petition but held defendant could file a new petition after one year had passed. In denying the petition, the court considered various factors and questioned whether defendant had rehabilitated because he denied any wrongdoing.

On appeal, defendant contends the court erred by denying his petition. He claims the court mistakenly relied on his denial of guilt and did not consider other relevant factors. As a result, he argues the court did not exercise informed discretion and violated his due process rights. We agree the court erred and reverse the order.

FACTS

*Defendant's No Contest Plea and Petition to Terminate Sex Offender Registration*

In 1989, defendant, who was 38 years old, entered a plea of no contest to two counts of committing lewd and lascivious acts with a child under 14 years of age (§ 288, subd. (a)). He was placed on probation for three years.

In July 2021, defendant filed a petition to terminate the requirement that he register as a sex offender pursuant to newly enacted section 290.5. The petition noted defendant had registered for at least 20 years. In August 2021, the Anaheim Police Department filed a petition checklist indicating defendant was eligible to petition for

---

[1] All further statutory references are to the Penal Code.

2

termination of the registration requirement. The prosecutor subsequently filed a response to defendant's petition. In the response, the prosecutor objected to granting the petition and requested a hearing because community safety would be significantly enhanced by defendant's continued registration.

In November 2021, defendant submitted his own declaration and his daughter's declaration in support of the petition. In his declaration, defendant stated he pleaded no contest to two counts of committing lewd and lascivious acts against two girls he babysat, but he stated he "did not commit any offenses against these two girls." He further stated he signed the plea agreement because the public defender said he would go to prison if he did not sign the document.

*The Hearing and the Court's Order*

At the hearing, the court stated a relevant factor was defendant's criminal or noncriminal behavior before or after his conviction. The court added it did not have a "rap sheet," which would have been helpful to address this factor. Likewise, the court stated it did not have a State Authorized Risk Assessment Tool for Sex Offenders (SARATSO) report or risk assessment since the date of conviction. In response, the prosecutor indicated she was not aware of any risk assessment ever being conducted and that defendant did not have any other convictions.

The court then stated it would be helpful to know the terms and conditions of defendant's probation, including whether there was a treatment program he completed and any violations of probation. In response, defendant's counsel stated she did not believe counseling, therapy, or a treatment program were ordered as part of defendant's probation. She added that defendant also did not recall attending or completing any program, but he successfully completed probation and did not violate his probation.

3

Defendant's counsel further argued the court should grant the petition because defendant was given no jail time and had no other convictions. She also noted defendant had registered on time for 32 years, which showed his commitment not to reoffend. She then attempted to introduce a portion of a "Static 99R Tally Sheet" she had prepared. But the court responded it would not rely on the Static-99R Tally Sheet because it was prepared by defense counsel. The court further explained: "I found the information that was provided for the STATIC 99R completely and utterly unhelpful. I only got two pages of the report, and from what I can gather, none of the information in those two texts were applicable here, and then there's no information describing how these numbers were assessed."

The court then stated its biggest concern was that defendant denied any wrongdoing after more than 20 years had passed. The court pointed to defendant's declaration, which stated he did not commit the offenses.

Defendant's counsel responded defendant had maintained his innocence, and in any event, he had not reoffended in 32 years. She also emphasized the victims were not strangers to defendant, he had no other convictions, he had converted to Christianity, he completed probation with no violations, and he had registered for 32 years without incident. She concluded defendant's conduct showed he was not a risk to the community and community safety would not be significantly enhanced by his continued registration.

In response, the prosecutor argued it was necessary to assess defendant's remorse, accountability, responsibility, and understanding of the acts committed when considering if community safety would be significantly enhanced by his continued registration. She underscored defendant's declaration stated he did not commit the underlying offenses.

4

The court ultimately denied the petition and indicated defendant could file a new petition after one year had passed. In reaching this conclusion, the court again explained it was concerned that defendant continued to deny any wrongdoing. The court questioned: "How can someone truly rehabilitate if they don't own up to what they did?" The court continued: "I understand that he has every right to maintain his innocence, but he accepted a deal, and in doing so, there had to be an admission of guilt at that point." Finally, the court stated: "And, unfortunately, some of the other factors that would help him in favor of terminating registration, I don't have. It is not through any fault of his own. He was never ordered to complete a treatment program. That would have been helpful in the court's analysis here."

Defendant timely appealed.

DISCUSSION

Defendant contends the court abused its discretion by denying his petition. He argues the court did not properly consider all relevant facts, which resulted in a violation of his due process rights. For the reasons below, we agree and reverse.

*Applicable Law and Standard of Review*

As noted, *ante*, defendant pleaded no contest to two counts of lewd and lascivious acts with a child under 14 years of age (§ 288, subd. (a)). Section 288 subdivision (a) provides: "[A] person who willfully and lewdly commits any lewd or lascivious act . . . upon . . . a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

5

"California law has long required persons convicted of certain specified sex crimes, including [violations of section 288, subdivision (a)], to register as sex offenders as long as they live or work in California." (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048.) California's Sex Offender Registration Act (§ 290 et seq.) previously required defendants convicted of certain offenses to register for life. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 876-877.)

In 2017, the Governor signed Senate Bill No. 384 (2017-2018 Reg. Sess.) into law. (Stats. 2017, ch. 541, § 2.5.) Effective January 1, 2021, Senate Bill No. 384 changed the lifetime sex offender registration requirement by establishing a tiered system of registration based on the offense of conviction. (§ 290, subd. (d).) A tier one offender is required to register for a minimum of 10 years. (*Id.*, subd. (d)(1)(A).) A tier two offender is required to register for a minimum of 20 years (*id.*, subd. (d)(2)(A)), and a tier three offender is required to register for life (*id.* subd. (d)(3)).

After being registered for the minimum number of years, tier one and tier two offenders may file a petition for termination from the sex offender registry on or after their next birthday after July 1, 2021.[2] (§ 290.5, subd. (a)(1).) "The petition shall be served on the registering law enforcement agency and the district attorney in the county where the petition is filed and on the law enforcement agency and the district attorney of the county of conviction of a registerable offense if different than the county where the petition is filed." (*Id.*, subd. (a)(2).)

The district attorney in the county where the petition is filed may "request a hearing on the petition if the petitioner has not fulfilled the requirement described in subdivision (e) of Section 290, or if community safety would be significantly enhanced by the person's continued registration." (§ 290.5, subd. (a)(2).) If the district attorney

---

[2]    One exception, which is not applicable here, allows certain tier three offenders to file a petition for termination from the sex offender registry. (§ 290.5, subd. (b)(3).)

requests a hearing, he or she can present "evidence regarding whether community safety would be significantly enhanced by requiring continued registration." (*Id*., subd. (a)(3).) "In determining whether to order continued registration, the court shall consider: the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (*Ibid.*)

We review a trial court's denial of a petition for termination of sex offender registration for abuse of discretion, and the trial court's findings of fact are reviewed for substantial evidence. (See *People v. Lockwood* (1998) 66 Cal.App.4th 222, 226-227 [reviewing the denial of a petition for certificate of rehabilitation for abuse of discretion]; *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.) "All exercises of discretion must be guided by applicable legal principles, however, which are derived from the statute under which discretion is conferred. [Citations.] If the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its discretion under the law. [Citation.] Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal." (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106.)

*Analysis*

Here, both parties acknowledge defendant's violation of section 288, subdivision (a) is classified as a tier two offense subject to a minimum 20-year term of registration under the current statutory scheme. (§ 290, subds. (d)(2)(A).) Defendant registered as a sex offender for this minimum period of time, but the court denied his petition to terminate sex offender registration because defendant continued to deny any wrongdoing.

Defendant contends the court erred by "relying nearly exclusively on the lack of remorse shown with respect to a conviction so stale it is not probative of anything." According to defendant, the court did not exercise informed discretion because it did not consider all relevant factors, including his age, grant of probation, or lack of other crimes. We agree insufficient evidence supports the court's conclusion community safety would be significantly enhanced by requiring defendant to continue to register for another year. Defendant, who is over 71 years old, has had no prior or subsequent convictions, successfully registered, and "did everything he was ordered to do for 32 years."

In denying the petition, the court almost exclusively relied on defendant's declaration of innocence. But admission of guilt is not a relevant statutory factor. And, in any event, entering a no contest plea despite one's potential innocence is hardly novel. Many defendants plead no contest to avoid worse consequences even when they maintain their innocence. The court even acknowledged defendant's right to do so. Thus, the court did not exercise informed discretion by singularly focusing on statements in defendant's declaration indicating he signed the plea agreement to avoid a prison sentence.

The court also noted it did not have "some of the other factors that would help [defendant] in favor of terminating registration." The court explained defendant had not been ordered to complete a treatment program, and it did not have a STATIC-99R

8

administered by an appropriate professional. But these facts should not have supported a denial of the petition. It was the prosecution's burden to produce evidence establishing that terminating the registration requirement considerably raised the threat to society because defendant was currently likely to reoffend. The prosecution could have sought a current risk assessment but failed to do so.[3]

While we recognize defendant's conduct had a profound impact on the victims, that conduct alone, without any evidence defendant is *currently* likely to reoffend, is insufficient to require him to continue to register as a sex offender for another year. The court abused its discretion.

## DISPOSITION

The postjudgment order is reversed.

SANCHEZ, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

DELANEY, J.

---

[3] Defendant filed a request for judicial notice, which we grant, attaching minutes from 1989. The minutes reflect that the trial court appointed an expert to examine defendant's mental condition and prepare a report pursuant to section 288.1.