Filed 6/25/24  P. v. Vieira CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>ANTHONY JOSEPH VIEIRA,<br><br>　　　Defendant and Appellant. | F086748<br><br>(Super. Ct. No. 1471738)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Hill, P. J., Franson, J. and Meehan, J.

Anthony Joseph Vieira was sentenced in 2015 to a term of three years and eight months in prison for assault on a peace officer and other charges. He was released from prison on parole in 2016 and discharged from parole in January 2018. Viera filed a petition for a certificate of rehabilitation and pardon on June 6, 2023, that the court denied as premature. As the People concede, this was error. We accept the People's concession and reverse.

## PROCEDURAL BACKGROUND[1]

Vieira pleaded no contest on April 21, 2015, to assault on a peace officer likely to produce great bodily injury (Pen. Code,[2] § 245, subd. (c)) and evading a police officer (Veh. Code, § 2800.2, subd. (a)). The superior court sentenced Vieira that same day to three years and eight months in prison.

On June 6, 2023, Vieira filed a petition requesting a certificate of rehabilitation and pardon pursuant to section 4852.01. Vieira alleged that he had been released from custody to parole on January 21, 2016, and was discharged from parole on January 21, 2018.[3] The prosecutor filed an opposition to the request and argued that Vieira did not qualify for relief because he had not completed the necessary seven-year period of rehabilitation, which she calculated from the date Vieira was discharged from parole on January 15, 2018. (See § 4852.03, subd. (a)(3).)

The court agreed with the prosecutor and denied Vieira's petition without prejudice for refiling in two years.

Vieira filed a timely notice of appeal on August 21, 2023.

---

**1** We dispense with a statement of the underlying facts as they are not relevant to our disposition of this appeal.

**2** Undesignated statutory references are to the Penal Code.

**3** The prosecutor's opposition to Vieira's petition used January 15, 2018, and January 15, 2025, as the operative dates. On appeal, the People agree that the dates Vieira alleged in his petition as to his release from prison and discharge from parole are correct. However, the discrepancy of a few days does not affect our review.

## DISCUSSION

The superior court has discretion whether to grant a petition for a certificate of rehabilitation. (See *People v. Ansell* (2001) 25 Cal.4th 868, 887 [the trial court's decision "whether to grant relief based on the evidence is discretionary in nature"]; *People v. Lockwood* (1998) 66 Cal.App.4th 222, 228 ["[s]ection 4852.13 … gives courts the express discretion to decide whether a petitioner has demonstrated [rehabilitation] to [the trial court's] satisfaction"].) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.) In this case, the superior court denied Vieira's petition after concluding that he was not eligible for relief, a conclusion of law that we review de novo. (Cf. *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [denial of section 1172.6 petition by finding petitioner is ineligible for relief as a matter of law, "is a purely legal conclusion … we review de novo"].)

A person convicted of a felony may file a petition for a certificate of rehabilitation and pardon pursuant to section 4852.01 et seq. (§ 4852.01.) To obtain a certificate of rehabilitation and benefit from the relief it provides, petitioners must satisfy a number of conditions. Relevant here, an eligible felon may only file a petition for a certificate of rehabilitation after a specified "period of rehabilitation." (§§ 4852.03, subds. (a), (b), 4852.06.) "The period of rehabilitation commences upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole, … *whichever is sooner*. For purposes of this chapter, the period of rehabilitation shall constitute five years' residence in this state, plus a period of time determined by the following rules: [¶] … [¶] (3) An additional two years in the case of a person convicted of committing an offense that is not listed in

paragraph (1) or (2) and that does not carry a life sentence." (§ 4852.03, subd. (a), italics added.)

The superior court agreed with the prosecutor that Vieira's period of rehabilitation would not run until January 2025, seven years from the date he was discharged from parole. However, section 4852.03, subdivision (a) clearly states that the period of rehabilitation is calculated from the date Vieira was released from prison or completion of his term of parole, "*whichever is sooner*." (Italics added.) Vieira was released from prison in January 2016, and discharged from parole in January 2018. Therefore, the period of rehabilitation commenced in January 2016, and concluded seven years later, in January 2023. When Vieira filed his petition for a certificate of rehabilitation and pardon, he had satisfied the statutory period of rehabilitation.

Therefore, the superior court's contrary conclusion was an error of law. We reverse the superior court's denial of Viera's petition.

**DISPOSITION**

The superior court's July 14, 2023 order denying Vieira's petition for a certificate of rehabilitation and pardon is reversed, and the matter is remanded with directions for the superior court to conduct such further proceedings as necessary pursuant to section 4852.01 et seq.