Filed 12/18/25  P. v. Meyers CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERALDINE MEYERS,<br><br>    Defendant and Appellant. | D085404<br><br><br><br>(Super. Ct. No. SCE266416) |

APPEAL from an order of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed as modified.

Monica McMillan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Geraldine Meyers appeals from an order denying "with prejudice" her petition to expunge a 2008 murder conviction under Penal Code[1] section 1203.41 after she was released from prison and subsequently discharged from parole. She does not argue the trial court committed error in denying the petition but asserts that it erred by doing so *with prejudice*. We agree.

In February 2008, a jury convicted Meyers of second-degree murder (§ 187, subd. (a)) with personal discharge of a firearm (§ 12022.53, subd. (d)). The court sentenced her to 40 years to life. This court affirmed the judgment on appeal. (*People v. Meyers* (March 10, 2009, D052850) [nonpub. opn.].) In 2018, the Governor commuted her sentence to 15 years to life. She was released on parole in 2020 and discharged from parole in 2021.

In September 2024, Meyers filed a petition for dismissal of her murder conviction under section 1203.41, subdivision (a), which now allows a court "in its discretion and in the interest of justice" to expunge a felony conviction if two years have elapsed since the defendant's completion of her prison sentence and she is no longer on parole. In November 2024, the court denied the section 1203.41 petition "with prejudice."

As noted, Meyers contends the trial court erred by denying her expungement petition *with prejudice*. In response, the People's only argument is that the issue is not ripe for appellate review because Meyers has not yet tried to file another section 1203.41 petition. We disagree. The ripeness requirement prevents courts from issuing purely advisory opinions or considering a hypothetical state of facts to give general guidance rather than resolve a specific legal dispute. (*People v. Garcia* (2018) 30 Cal.App.5th 316, 328.) We are not presented with such a situation. The trial court has

---

[1] All further statutory references are to the Penal Code.

2

issued a final order denying Meyers's petition "with prejudice," which has the legal "effect of barring [her] from ever petitioning the court again, regardless of [her] future progress toward rehabilitation." (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 230 (*Lockwood*).) There is nothing hypothetical about the order or its validity. We would not be issuing an advisory opinion by deciding whether it was legally proper to preclude Meyers from filing another expungement petition in the future. (See *id.* at pp. 229–231 [deciding merits of appellant's claim that trial court erred by denying his application for certificate of rehabilitation *with prejudice*].)

On the merits, we find *Lockwood* to be controlling. There, the trial court denied "with prejudice" the defendant's application for a certificate of rehabilitation under section 4852.01, which allows rehabilitated criminal offenders to regain various civil rights denied to convicted felons. (*Lockwood, supra*, 66 Cal.App.4th at pp. 225–227.) On appeal, the Court of Appeal directed the trial court to amend the order to state that the denial was "without prejudice." (*Id.* at p. 231.) The court first "noted that [the statute] does not provide for a petition to be denied *with prejudice*" and there is no "other statute that specifically authorizes a court to deny this type of petition with prejudice." (*Id.* at p. 229.) *Lockwood* acknowledged the existence of civil cases discussing a court's inherent authority to dismiss civil claims with prejudice, but concluded they did not authorize the trial court's dismissal with prejudice of the petition for certificate of rehabilitation. (*Id.* at pp. 229–230.) The court explained: "The overall goal of the statute is to restore civil and political rights of citizenship to ex-felons who have proved their rehabilitation. [Citations.] In light of this goal, a court should not deny this type of petition *with* prejudice. By definition, rehabilitation may well take years to achieve. The statute permits those who have been stripped of many

3

of their civil and political rights to seek to have those rights restored. Those who do so endeavor should be encouraged; denying a petition for a certificate of rehabilitation with prejudice works in the opposite direction." (*Id.* at p. 230.)

The reasoning of *Lockwood* applies here as well. As in *Lockwood*, section 1203.41 itself does not provide for an expungement petition to be denied *with prejudice* and no other statute specifically authorizes a court to do so. Moreover, the rehabilitative goals of section 1203.41 are similar to those of section 4852.01. According to the legislative history of the 2022 amendment extending section 1203.41 to felons who have completed a prison sentence, the purpose of the amendment was to expand discretionary expungement relief, remove barriers to employment, housing, and civic participation faced by those with criminal records, and thereby reduce recidivism. (Sen. 3d Reading, Sen. Bill No. 731 (2021-2022 Reg. Sess.) as amended June 23, 2022, pp. 1, 2.) Because "rehabilitation may well take years to achieve," denying an expungement petition *with prejudice* frustrates these goals by "barring an applicant from ever petitioning the court again, regardless of the applicant's future progress toward rehabilitation." (*Lockwood, supra*, 66 Cal.App.4th at p. 230.) We therefore conclude the trial court erred by denying Meyers's petition with prejudice.

4

DISPOSITION

The order denying the section 1203.41 petition is modified so that the denial is "without prejudice" rather than "with prejudice."  As so modified, the order is affirmed.


BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.