Filed 2/10/26  P. v. Delouth CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088966 |
| Plaintiff and Respondent, | (Super. Ct. No. FP004970A) |
| v. | |
| RONIELE CARL DELOUTH, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Carly Orozco, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Peña, J. and DeSantos, J.

## INTRODUCTION

Defendant Roniele Carl Delouth contends on appeal that the trial court abused its discretion when it summarily denied his petition for a certificate of rehabilitation. Defendant argues that this court cannot properly evaluate whether the trial court abused its discretion since it did not articulate its reasons for the denial and the court might have erroneously denied the petition based on circumstances of the underlying offense. The People disagree contending the court was not required to provide a statement of reasons and its denial is supported by evidence in the record. We agree with the People and affirm the order denying the certificate of rehabilitation.

## PROCEDURAL BACKGROUND

On May 6, 2024, defendant filed a petition for certificate of rehabilitation. Defendant specifically sought relief for (1) a June 22, 2015 conviction for reckless evading (Veh. Code, § 2800.2), which was later reduced to a misdemeanor in 2023, (2) a December 6, 2012 felony conviction for being a felon in possession of a firearm (Pen. Code,[1] § 12021, subd. (a)(1)), and (3) a March 26, 2014 violation of postrelease supervision (§ 3455, subd. (a)).[2] The court held a hearing on August 16, 2024, and granted a continuance for the People to prepare an opposition and investigative report.

On September 6, 2024, the People filed an opposition to defendant's petition, which included an investigative report. Defendant's criminal history is summarized as follows.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] As the People point out, defendant's March 26, 2014 violation of postrelease supervision (§ 3455, subd. (a)) is not a conviction and therefore not eligible for relief under a certificate of rehabilitation. However, as it is inconsequential to the appeal, it need not be addressed further.

2.

### 1. Incidents as a Juvenile

On November 17, 1999, defendant was arrested for first degree burglary (§ 460, subd. (a)), receiving stolen property (§ 496), and giving law enforcement false identification (§ 148.9, subd. (a)).

On May 9, 2001, defendant was arrested for first degree burglary (§ 460, subd. (a)). The burglary allegation was dismissed, but defendant was declared a ward of the juvenile court for a misdemeanor violation of receiving stolen property.

On November 7, 2001, while on probation, defendant was arrested for receiving stolen property (§ 496). The juvenile court dismissed the receiving stolen property allegation, but the petition was sustained for a misdemeanor violation of appropriating lost property (§ 485). Defendant was declared a ward of the juvenile court and spent 30 days in juvenile hall and 36 months on probation.

### 2. Arrests and Convictions as an Adult

On August 10, 2005, defendant was arrested for grand theft from a person (§ 487, subd. (c)). He was convicted of misdemeanor grand theft and sentenced to one month in jail and three years of probation. On August 3, 2023, the conviction was dismissed pursuant to section 1203.4.

On October 6, 2005, defendant was arrested for suspected drug violations. He was convicted of felony possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and sentenced to nine months in jail and three years of probation. This conviction was dismissed on December 8, 2011, pursuant to section 1203.4.

On January 11, 2008, defendant was arrested for first degree robbery (§ 212.5, subd. (a)) and other related charges. Defendant was convicted of felony grand theft from a person (§ 487, subd. (c)) and sentenced to one year in jail and three years of probation. On December 8, 2011, defendant's conviction was reduced to a misdemeanor and dismissed pursuant to section 1203.4.

3.

On June 12, 2008, while on probation, defendant was arrested for resisting arrest (§ 148, subd. (a)(1)). Defendant was charged but the case was dismissed. The record of the arrest was sealed pursuant to section 851.93.

On May 27, 2009, while on probation, defendant was arrested for resisting arrest (§ 148, subd. (a)(1)), giving an officer false identification (§ 148.9, subd. (a)), and a probation violation. He was charged with resisting arrest, but the case was dismissed. Defendant was found in violation of his probation in the 2008 grand theft case. On February 21, 2024, the record of defendant's arrest was sealed pursuant to section 851.91.

On January 30, 2011, defendant was arrested and charged with misdemeanor domestic violence (§ 273.5, subd. (a)). The charge was later dismissed, and in 2022, defendant's record of arrest was sealed pursuant to section 851.93.

On December 26, 2011, defendant was arrested for murder (§ 187, subd. (a)) and participating in a criminal street gang (§ 186.22, subd. (a)). He was charged with murder and being a felon in possession of a firearm (§ 12021, subd. (a)(1)). On January 14, 2013, the jury acquitted defendant of murder, but convicted him of being a felon in possession of a firearm and he was sentenced to three years in prison. Defendant was released on June 25, 2013. On December 5, 2023, the firearm charge was dismissed pursuant to section 1203.4.

On September 15, 2013, defendant was placed in jail for 10 days for violating his postrelease community supervision conditions.

On January 5, 2014, defendant was arrested for various firearm charges. On March 26, 2014, defendant was found in violation of his postrelease community supervision and sentenced to six months in jail. Defendant was also charged with being a felon in possession of a firearm (§ 29800, subd. (a)), evading police (Veh. Code, § 2800.2), participating in a criminal street gang (§ 186.22, subd. (a)), assaulting a police animal (§ 600, subd. (a)), and resisting arrest (§ 148, subd. (a)(1)). The charges were dismissed on June 16, 2014. In a separate case, defendant was also charged with being a

felon in possession of a firearm (§ 29800, subd. (a)), assaulting a police animal (§ 600, subd. (a)), evading police (Veh. Code, § 2800.2), and resisting arrest (§ 148, subd. (a)(1)).  On August 6, 2015, defendant was convicted of felony evading police, misdemeanor assault on a police animal, and resisting arrest.  Defendant was sentenced to three years in prison.

Defendant was released from prison on April 3, 2016, which marked the beginning of defendant's rehabilitation period.  On January 11, 2024, defendant's arrest record was sealed pursuant to section 851.91.

On August 25, 2022, defendant was arrested and charged with resisting arrest (§ 148, subd. (a)(1)), failing to comply with police (Veh. Code, § 2800, subd. (a)), and following another vehicle too closely (Veh. Code, § 21703).  The charges were dismissed on November 3, 2022, and defendant's arrest record was sealed pursuant to section 851.91.

Defendant's period of rehabilitation began April 3, 2016, and ended April 3, 2023.  The investigation report noted that during defendant's rehabilitation period, he was arrested one time in 2022, but not convicted.  After defendant's rehabilitation ended, defendant had no further arrests or convictions.  The district attorney requested the petition be denied arguing that defendant's bare minimum eligibility does not demonstrate a substantial change from his lengthy life of criminal activity.

On October 11, 2024, the trial court denied defendant's petition.

## DISCUSSION

### A. Applicable Law

The statutory scheme of section 4852.01 et seq. governs the procedure for seeking a certificate of rehabilitation, which is an intermediate step toward securing a full pardon from the Governor.  (*People v. Ansell* (2001) 25 Cal.4th 868, 875-876 (*Ansell*).)  The Legislature applied strict standards to the application process, intentionally making it difficult for ex-felons to receive and maintain certificates of rehabilitation.  (*People v.*

5.

*Lockwood* (1998) 66 Cal.App.4th 222, 226 (*Lockwood*).) These hurdles are not intended to be easily surmounted and trial courts are entrusted with the responsibility of ensuring these strict statutory standards for rehabilitation are maintained. (*People v. Rounds* (2024) 102 Cal.App.5th 689, 696 (*Rounds*).) Such strict standards are necessary because when a court decides to grant a petition for a certificate of rehabilitation it is making a personal representation to the Governor that the petitioner is worthy of pardon. (*Ibid.*)

In order to qualify for a certificate of rehabilitation, the petitioner must have at least one felony conviction that was dismissed pursuant to section 1203.4 (§§ 4852.01, 4852.06), and the five-year minimum period of rehabilitation, commencing on the petitioner's discharge from custody, must have expired. (§§ 4852.03, subd. (a), 4852.06.)

A trial court conducts an inquiry into the petitioner's conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding. (§§ 4852.1-4852.12; *Ansell*, *supra*, 25 Cal.4th at p. 887; *People v. Zeigler* (2012) 211 Cal.App.4th 638, 668 (*Zeigler*).) The trial court may issue a certificate of rehabilitation if it finds that "the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil and political rights of citizenship." (§ 4852.13, subd. (a); *Lockwood*, *supra*, 66 Cal.App.4th at p. 228.) Defendant's conduct is not limited to arrests or convictions. (*Zeigler*, at p. 666.) During the rehabilitation period, the petitioner "shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.) Enough discretion is vested in the trial courts that, even if all the statutory factors are met, the court can still properly deny a petition. (*Zeigler*, at p. 668.) A certificate of rehabilitation is not necessarily available to any felon who claims to meet the minimum statutory requirements and is otherwise eligible to apply. (*Ansell*, at pp. 887-888.) There is no circumstance under the statutory scheme that mandates or guarantees issuance of a certificate of rehabilitation by the court. (*Ibid.*)

"[R]eview of a grant or denial of a certificate of rehabilitation is confined to an abuse of discretion standard." (*Lockwood*, *supra*, 66 Cal.App.4th at p. 226; *Zeigler*, *supra*, 211 Cal.App.4th at p. 667.) Appellate courts will not disturb the lower court's decision absent a clear abuse of its discretion. (*Lockwood*, at p. 227.) In reviewing for abuse of discretion, we are guided by two principles: " ' "[t]he burden is on the party attacking the [court's decision] to clearly show that the … decision was irrational or arbitrary" ' " and a " ' "decision will not be reversed merely because reasonable people might disagree." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) "[T]ogether, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) "A trial court abuses its discretion when the decision exceeds the bounds of reason, or when the court is mistaken about the scope of its discretion." (*Rounds*, *supra*, 102 Cal.App.5th at p. 695; *Zeigler*, at pp. 667-668.) The court's exercise of discretion will not be overturned on appeal unless there is a manifest abuse of that discretion resulting in a miscarriage of justice. (*Lockwood*, at p. 227; *Zeigler*, at p. 667.)

## B. Analysis

The statutory scheme regulating the certificate of rehabilitation process does not require the trial court to provide a statement of reason for its decision. (See § 4852.01 et seq.) When a statute does not require an express finding by the court, we apply the general rule " 'that a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Defendant offers no legal authority demonstrating the trial court abused its discretion by not providing a statement of reasons for its denial and does not deny that a statement of reasons is not statutorily required.

*Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359 addressed whether a trial court was obligated to state its reasons for denying a request for discovery pursuant to section 1054.9. The court noted the statute does not require a statement of reasons and

the defendant failed to cite any authority for his assertion that one was required. (*Kennedy*, at p. 368.)  Furthermore, the court explained that a statement of reasons was not essential to meaningful appellate review because generally, the appellate court reviews the trial court's ruling and " 'not its reasons.' " (*Ibid*.)  Therefore, the court held that although a statement of reasons is advisable, it was not required, and the trial court did not abuse its discretion in failing to provide one.  (*Id*. at p. 369.)

Applying the same reasoning in *Kennedy*, we conclude a statement of reasons for denying a petition for certificate of rehabilitation under section 4852.01 et. seq. is not essential for meaningful appellate review.  Our role is to review the trial court's ruling, not its reasons, and affirm unless defendant carries his burden of showing the trial court's decision was irrational or arbitrary.  (See *People v. Carmony*, *supra*, 33 Cal.4th at p. 376; see *Kennedy*, *supra*, 145 Cal.App.4th at p. 368.)  The trial court's reason for its ruling is not essential for our review.  (*Kennedy,* at p. 368.)  Accordingly, we reject defendant's argument that the trial court abused its discretion by not providing a statement of reasons for its denial.

Additionally, defendant fails to carry his burden of demonstrating the court abused its discretion when it denied his petition for certificate of rehabilitation.  While it is not disputed that defendant met the minimum statutory requirements to apply for a certificate of rehabilitation, this is not a guarantee that the court will issue one.  Even where the statutory requirements are met, the court retains discretion to properly deny the petition.  (See *Zeigler*, *supra*, 211 Cal.App.4th at p. 668.)

In *Lockwood*, the defendant petitioned the court for a certificate of rehabilitation. The court was presented with an investigative report that included questionnaire responses from a number of the defendant's friends, neighbors, and coworkers, containing both positive and negative remarks.  (*Lockwood*, *supra*, 66 Cal.App.4th at p. 228.)  The court found the negative remarks from a neighbor more credible than the positive remarks from friends and denied the petition for a certificate for rehabilitation.

(*Id*. at pp. 228-229.) The defendant appealed claiming no evidence supported the court's denial. *Lockwood* affirmed the court's denial, noting the trial court relied on evidence in the investigative report it deemed most credible, and therefore, did not abuse its discretion. (*Id*. at p. 229.)

In the present case, the investigator's report included a thorough summary of defendant's convictions and arrests from youth through the period of rehabilitation. The report showed defendant had suffered several convictions as an adult: misdemeanor grand theft in 2005, felony possession of a controlled substance in 2005, felony grand theft in 2008, felony possession of a firearm in 2013, and convictions for felony evading police, misdemeanor assault on a police animal, and resisting arrest in 2015. Defendant also had a significant number of arrests that did not lead to conviction, including a 2008 arrest for resisting arrest; a 2009 resisting arrest, giving false identification to an officer, and probation violation; an arrest for misdemeanor domestic violence in 2011; an arrest for murder and participating in a criminal street gang in 2011; violating postrelease community supervision conditions in 2013; and a 2014 arrest for various charges related to firearms, for resisting arrest, assaulting a police animal, evading police, and being found in violation of his postrelease community supervision. During his period of rehabilitation, defendant was arrested and charged with resisting arrest and following a vehicle too closely. Although this arrest did not lead to a conviction, it shows defendant continuing to engage in the same repeated pattern of behavior: violating laws, resisting arrest and refusing to cooperate with law enforcement. Therefore, defendant's arrest during his rehabilitation and engaging in the same pattern of behavior, supports the trial court's denial.

In *Zeigler*, the record before the court consisted of the defendant's first petition for a certificate of rehabilitation, which included basic information on his two prior drug convictions, and his renewed petition that included information on a 2007 arrest for drug possession, which was set aside after successfully completing his Proposition 36 drug

treatment program. (*Zeigler*, *supra*, 211 Cal.App.4th at p. 668.) The trial court prevented the People from putting forth evidence of the defendant's unlawful conduct surrounding his 2007 arrest and granted the petition. (*Id*. at pp. 669-670.) The appellate court reversed, finding the court was mistaken about its discretion when it prevented evidence of the defendant's conduct that led to his arrest and conviction. In the present case, the court had the evidence of defendant's arrest during his rehabilitation period, which supports the court's decision that defendant was not fit for a certificate of rehabilitation. (§ 4852.13, subd. (a); *Zeigler*, at pp. 669-670.)

In *Rounds*, the defendant was statutorily eligible for a certificate of rehabilitation, approximately 40 years passed since he committed the offense, and seven years passed since his discharge from prison with no subsequent convictions. (*Rounds*, *supra*, 102 Cal.App.5th at p. 697.) The defendant committed no acts of violence before the crime, or in the 41 years since the crime. (*Ibid*.) The defendant demonstrated that he had lived an honest and upright life by conducting himself with sobriety and industry, exhibited good moral character, was involved in community service, and formed a business to mentor and empower male youth in the community. (*Id*. at pp. 697-699.) However, the trial court denied his petition for certificate of rehabilitation based on the egregious nature of the underlying murder offense. (*Id*. at p. 699.) *Rounds* reversed, explaining that where the standard for rehabilitation had been met, a denial cannot be solely "based on the severity of the crime of which the petitioner was convicted." (*Id*. at pp. 701, 705.) Rather, "a trial court evaluating a petition for rehabilitation should consider the petitioner's postrelease conduct, not the circumstances of the underlying crime." (*Id*. at p. 701.)

Relying on *Rounds,* defendant argues the trial court improperly relied on the circumstances of his underlying crimes to deny his petition. However, defendant's concern is unfounded since this case is readily distinguished from *Rounds*. Unlike the defendant in *Rounds*, defendant has not demonstrated he has lived an honest and upright

life, conducting himself with sobriety and industry, during his period of rehabilitation. The defendant in *Rounds* was exceptional in that he had many years of community service and even created a business to help struggling youth. Moreover, unlike in *Rounds* where the court relied solely on the underlying conviction to deny relief, the record here contains evidence other than defendant's underlying offense to support the court's denial. Defendant's arrest during his period of rehabilitation for resisting arrest is the same conduct in many of his past arrests, which is evidence he has not rehabilitated from his pattern of violating laws and failing to comply with law enforcement.

Accordingly, it is entirely reasonable that defendant's conduct of continuing to violate laws and resist arrest during his rehabilitation period demonstrated to the court that he had not yet committed to living "an honest and upright life" and was not yet able to "conform to and obey the laws of the land." (See § 4852.05.) The goal of the statutory scheme for a certificate of rehabilitation is to restore rights to " 'ex-felons who have proved their rehabilitation.' " (*Zeigler*, *supra*, 211 Cal.App.4th at p. 653.) On this record, given the trial court has broad discretion in deciding whether a defendant meets the strict standard for rehabilitation, we cannot conclude the court abused its discretion in finding defendant had not yet proved himself rehabilitated and fit for pardon. (See *id.*, at p. 668.)

## DISPOSITION

The order denying the certificate of rehabilitation is affirmed.